**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Martin HERNANDEZ–LOYA,**
**Defendant—Appellant.**

No. 00–50723.
D.C. No. CR–00–01289–MLH.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2002 *.

Decided July 9, 2002.

Before FARRIS, SILVERMAN and PAEZ, Circuit Judges.

### MEMORANDUM **

Hernandez–Loya appeals the district court's denial of his motion to dismiss an indictment that charged him with, *inter alia,* importation of marijuana in violation of 21 U.S.C. §§ 952, 960. Hernandez–Loya pleaded guilty to violating 21 U.S.C. § 960, but preserved his right to appeal the constitutionality of that statute. Because the parties are familiar with the facts, we will not recite them in detail except as necessary. We have jurisdiction

*and superseded by* 289 F.3d 558 (9th Cir.2002) (en banc), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (May 28, 2002).

pursuant to 28 U.S.C. § 1291, and we affirm.

Hernandez–Loya first argues that 21 U.S.C. § 960 is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This court has rejected that argument. *See United States v. Mendoza–Paz*, 286 F.3d 1104, 1109 (9th Cir.2002).

We also note that Hernandez–Loya cannot assert an as-applied challenge to the constitutionality of 21 U.S.C. § 960 because as in *Mendoza–Paz*, 286 F.3d at 1109–1110, and *United States v. Carranza*, 289 F.3d 634, 643 (9th Cir.2002), Hernandez–Loya was never exposed to a sentence beyond the prescribed statutory maximum. The Supreme Court held in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Here, Hernandez–Loya agreed pursuant to the plea agreement that he imported 45.036 kilograms of marijuana. The district court sentenced Hernandez–Loya to 12 months and 1 day in prison and three years of supervised release, far less than the statutory maximum of five years for importing fewer than 50 kilograms of marijuana. 21 U.S.C. § 960(b)(4). Accordingly, *Apprendi* is not implicated. *See Carranza*, 289 F.3d at 643.

Hernandez–Loya next argues that the indictment should have been dismissed pursuant to *Apprendi* because it failed to allege knowledge of the nature and quantity of the drug. "A defendant charged with importing or possessing a drug is not re-quired to know the type and amount of the drug," and *Apprendi* did not change this. *Carranza*, 289 F.3d at 644. Therefore, the indictment was sufficient.

AFFIRMED.

** The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the